File No. PI05-16092
Doc. No. 245714

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SAMANTHA PETTINGILL, JULIE PETTINGILL, GENE PETTINGILL, JULIE PETTINGILL, as guardian *ad litem* for C.P. and T.P., minors, and SOCIETY FOR PET ADOPTION, RESCUE AND EDUCATION, INC., a Delaware non-profit corporation, <br><br> Plaintiffs, <br><br> v. <br><br> JOHN CALDWELL, in his official and individual capacities, JOHN SAVILLE, in his official and individual capacities, DELAWARE SOCIETY FOR THE PREVENTION OF CRUELTY TO ANIMALS, a Delaware corporation, <br><br> Defendants. | C.A. No. 05-224 <br><br> JURY TRIAL DEMANDED |

## ANSWER TO FIRST AMENDED COMPLAINT

1. Admitted that plaintiffs' allegations include claims pursuant to 42 U.S.C. §1983, 42 U.S.C. §1985(3), common law malicious prosecution, intentional infliction of emotional distress, defamation, and conversion. The remainder of the averment is denied.

2. Defendants are without knowledge or information sufficient to form a belief as to the truth of this averment.

3. Admitted.

4. Admitted.

5. Admitted upon information and belief.

6. Admitted upon information and belief.

7. Admitted upon information and belief.

8. Defendants are without knowledge or information sufficient to form a belief as to the truth of this averment.

9. Defendants are without knowledge or information sufficient to form a belief as to the truth of this averment.

10. Defendants are without knowledge or information sufficient to form a belief as to the truth of this averment.

11. Admitted that Defendant Caldwell is the Executive Director of the Delaware SPCA and that, at all relevant times, Defendant Caldwell was the agent and employee of Defendant Delaware SPCA. The remainder of the averment requires a legal conclusion, and therefore no response is necessary. To the extent a response is necessary, it is denied as stated.

12. Admitted that Defendant Saville is an animal control officer for Defendant Delaware SPCA and that, at all relevant times, he was the agent and employee of Defendant Delaware SPCA. The remainder of the averment is denied as stated.

13. Admitted that Defendant Delaware SPCA is a Delaware non-profit corporation, which serves as its own registered agent, and that service of process may be made upon the SPCA at Route 7, Stanton-Christiana Road, Stanton, Delaware.

14. Defendants are without knowledge or information sufficient to form a belief as to the truth of this averment.

15. Defendants are without knowledge or information sufficient to form a belief as to the truth of this averment.

16. Denied that Samantha Pettingill was unable to return to the University of Delaware "because of defending against Defendants, actions," or that she "lost the scholarships as a result of Defendants' actions." Defendants are without knowledge or information sufficient to form a belief as to the truth of the remainder of the averment.

17. Admitted that at some point in time the Pettingills identified themselves as a rescue organization. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remainder of the averment.

18. Admitted that the Delaware SPCA provided animals to the Pettingills as a rescue organization. Admitted that the Pettingills were frequent visitors to the Delaware SPCA. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remainder of the averment.

19. Defendants are without knowledge or information sufficient to form a belief as to the truth of this averment.

20. Admitted that Plaintiffs advised the Delaware SPCA that SPARE had non-profit status pursuant to 501(c)(3). Defendants are without knowledge or information sufficient to form a belief as to the truth of the remainder of the averment.

21. Defendants are without knowledge or information sufficient to form a belief as to the truth of this averment.

22. Admitted that at times the Delaware SPCA made cats available to the Pettingills at their request, some of which may have been ill. Denied as stated that "the Delaware SPCA generally does not provide veterinary care." Defendants are without knowledge or information sufficient to form a belief as to the truth of the remainder of the averment.

23. Defendants are without knowledge or information sufficient to form a belief as to the truth of this averment.

24. Denied as to any unconstitutional or tortious actions of the Defendants. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remainder of the averment.

25. Denied.

26. Admitted that on or about April 8, 2003, the Delaware SPCA made available to the Pettingills approximately eight cats. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remainder of the averment.

27. Defendants are without knowledge or information sufficient to form a belief as to the truth of this averment.

28. Admitted that on or about April 11, 2003, the Pettingills had appointments at the Delaware SPCA to have cats neutered. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remainder of the averment.

29. Admitted that on or about April 15, 2003, the Pettingills brought three cats to the Delaware SPCA to be neutered. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remainder of the averment.

30. Admitted that Defendant Saville was at the Pettingills' house investigating a report of a dog bite on the morning of April 15, 2003. Admitted that Defendant Saville left a note for the Pettingills. Admitted that after leaving the Pettingill residence, Defendant Saville conducted further investigation and later learned that the Pettingills no longer owned the dog in question, and the same was later

acknowledged to Samantha Pettingill. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remainder of the averment.

31. Defendants are without knowledge or information sufficient to form a belief as to the truth of this averment.

32. Defendants are without knowledge or information sufficient to form a belief as to the truth of this averment.

33. Admitted.

34. Denied that Delaware SPCA "requested" the Pettingills to take four cats. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remainder of the averment.

35. Denied that Delaware SPCA "requested" the Pettingills to take four kittens. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remainder of the averment.

36. Denied that Defendant Caldwell refused to accept any records. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remainder of the averment.

37. Defendants are without knowledge or information sufficient to form a belief as to the truth of this averment.

38. Defendants are without knowledge or information sufficient to form a belief as to the truth of this averment.

39. Admitted that on April 21, 2003 at approximately 9:00 a.m. there were two SPCA trucks in front of the Pettingills' residence. Admitted that Defendant Saville, Jack Renaud, and two personnel from New Castle County were present. Admitted that

Defendant Saville requested to inspect the house. Admitted that Defendant Saville entered the house with a key found in the garage after the Pettingills did not provide him access to the home after a prolonged period of time. Admitted that Defendant Saville presented a search warrant. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remainder averment.

40. Defendants are without knowledge or information sufficient to form a belief as to the truth of this averment.

41. Admitted that Defendant Saville, Renaud, Phillips, and Wilson inspected the house. Admitted that Defendant Saville determined that the SPCA would be taking all the animals and radioed for additional persons. Admitted that Defendant Saville probably commented that Defendant Caldwell should come to the residence. The remainder of the averment is denied.

42. Defendants are without knowledge or information sufficient to form a belief as to the truth of this averment.

43. Admitted that Defendant Caldwell arrived at the Pettingill home later that morning. Admitted that Defendant Caldwell wore a surgical mask when entering the home because he is a heart transplant recipient and suffers from a weakened immune system. Admitted that another animal control officer wore a surgical mask due to a sensitivity to the odor present. Denied that defendants "began to put on a show for the media." Defendants are without knowledge or information sufficient to form a belief as to the truth of the remainder of the averment.

44. Admitted that Defendants took all the animals out of the house and placed them on the lawn in cages, crates, and carriers. Admitted that Defendants did

not allow the dogs out of the crates. Admitted that for those cats not in cages, the SPCA placed them into carriers in a reasonable manner. Admitted that Defendants did not summon a veterinarian to the residence. The remainder of the averment is denied as stated.

45. Admitted that conversations occurred between Samantha Pettingill, Gene Pettingill, and Defendant Caldwell. Admitted that conversations occurred regarding veterinary records and the processing of charges for animals under veterinary care. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remainder of the averment.

46. Admitted that the Delaware SPCA did not leave the Pettingill property until approximately 4:00 p.m. The remainder of the averment is denied.

47. Denied that plaintiffs' home was condemned as a result of Defendants' actions. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remainder of the averment.

48. Denied that the Pettingills' two young children were taken into the custody of the DFS as a result of the Defendants' actions. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remainder of the averment.

49. Admitted that Defendant Caldwell spoke to Samantha Pettingill on April 21, 2003. The remainder of the averment is denied.

50. Admitted that a burglar alarm was likely activated within the household by members of the Delaware SPCA. Admitted that a fire truck later appeared at the scene. Admitted that Defendants Caldwell and Saville spoke with the firemen.

Admitted that the firemen placed a fan on the porch and remained for a period of time. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remainder of the averment.

51. Admitted that Defendant Caldwell spoke with members of the media on the roadway in front of the residence on April 21, 2003. Further admitted that Defendant Caldwell responded to inquiries from the media thereafter. The remainder of the averment is denied.

52. Admitted that Defendants ate food brought to them by other members of the SPCA. The remainder of the averment is denied.

53. Admitted.

54. Defendants are without knowledge or information sufficient to form a belief as to the truth of this averment.

55. Defendants are without knowledge or information sufficient to form a belief as to the truth of this averment.

56. Admitted that on April 30, 2003, the Pettingills were charged with the "Cruelty to Animals charges." Denied that the Affidavit submitted by Defendant Saville in support of the arrest warrant contained false and misleading statements. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remainder of the averment.

57. Admitted that Cruelty to Animal charges were later dismissed by the State of Delaware. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remainder of the averment.

58. Admitted.

59. Admitted, upon information and belief, that as a condition of bail, the SPCA was permitted to conduct random searches of the Pettingill home. It is further admitted that the Court of Common Pleas ordered the SPCA to return animals for which there were no criminal charges. Admitted that the Delaware SPCA has returned all animals that were in its possession that were listed in the Court's Order to the Pettingills. Admitted that Defendant Caldwell tore up a piece of paper given to him by the Pettingills not knowing that it was a copy of the Court's Order. The remainder of the averment is denied.

60. Admitted that some of the animals died while in the custody of the Delaware SPCA. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remainder of the averment.

61. Admitted that the Pettingills' veterinarian, Dr. Ann Jackson, examined the animals on June 24, 2004 pursuant to the Court of Common Pleas' Order. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remainder of the averment.

62. Admitted that the Pettingills signed over various animals to the Delaware Humane Association for adoption. The remainder of the averment is denied.

63. Denied that Plaintiffs' "losses" were a result of Defendants' actions. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remainder of the averment.

64. Admitted that the Court of Common Pleas held an evidentiary hearing on July 12, 2004. Admitted that the Court of Common Pleas' opinion speaks for itself. The remainder of the averment is denied.

65. Denied that the Affidavit was false and misleading. The remainder of the averment is denied.

66. Admitted, upon information and belief.

67. Admitted that in March 2005, the Delaware SPCA returned to the Pettingills all of their equipment in its possession in the condition in which it was received from the Pettingills' residence. The remainder of the averment is denied.

68. Admitted that the Defendants have not provided the Pettingills with medical records for treatment that the Delaware SPCA provided while in its custody. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remainder of the averment.

## COUNT I - 42 U.S.C. #1983

69. Defendants hereby re-allege and incorporate herein their answers to paragraphs 1 through 68 of the Complaint.

70. Denied.

71. Denied.

72. Denied.

73. Denied that any damages sustained by plaintiffs are as a result of Defendants' actions. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remainder of the averment.

## COUNT II - 42 U.S.C. §1985(3)

74. Defendants hereby re-allege and incorporate herein their answers to paragraphs 1 through 73 of the Complaint.

75. Denied.

## COUNT III – MALICIOUS PROSECUTION

76. Defendants hereby re-allege and incorporate herein their answers to paragraphs 1 through 75 of the Complaint.

77. Admitted.

78. Defendants are without knowledge or information sufficient to form a belief as to the truth of this averment.

79. Admitted.

80. Denied.

81. Denied.

82. Defendants are without knowledge or information sufficient to form a belief as to the truth of this averment.

## COUNT IV – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

83. Defendants hereby re-allege and incorporate herein their answers to paragraphs 1 through 82 of the Complaint.

84. Denied.

85. Denied.

86. Denied that the plaintiffs have suffered any damages as a result of Defendants' actions. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remainder of the averment.

## COUNT V – DEFAMATION

87. Defendants hereby re-allege and incorporate herein their answers to paragraphs 1 through 86 of the Complaint.

88. Defendants are without knowledge or information sufficient to form a belief as to the truth of this averment.

89. Denied as to any defamatory statements made on the part of the Defendants. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remainder of the averment.

### COUNT VI - CONVERSION

90. Defendants hereby re-allege and incorporate herein their answers to paragraphs 1 through 89 of the Complaint.

91. Denied.

92. Denied.

93. Admitted that Defendants returned all of Plaintiffs' property in their possession and control in the same condition as it was received from the Pettingills' residence. The remainder of the averment is denied.

94. Denied.

### FIRST AFFIRMATIVE DEFENSE

95. The Pettingills' claims are barred, in whole or in part, to the extent that they fail to state a cause of action upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

96. Plaintiffs' claims for defamation are barred, in whole or in part, to the extent that all statements made were truthful.

### THIRD AFFIRMATIVE DEFENSE

97. Plaintiffs' claims are barred, in whole or in part, to the extent that the actions complained of were not Defendants' actions.

## FOURTH AFFIRMATIVE DEFENSE

98. Plaintiffs' claims are barred, in whole or in part, by the Doctrine of Immunity.

## FIFTH AFFIRMATIVE DEFENSE

99. Plaintiff SPARE fails to state a cause of action upon which relief can be granted.

WHEREFORE, Defendants request that the Complaint be dismissed, with prejudice, costs paid by Plaintiffs.

> HECKLER & FRABIZZIO
>
> /s/
>
> DANIEL P. BENNETT, I.D. #2842
> The Corporate Plaza
> 800 Delaware Avenue, Suite 200
> P.O. Box 128
> Wilmington, DE 19899-0128
> Attorney for Defendants

Date: June 7, 2005

## CERTIFICATE OF SERVICE

I, Daniel P. Bennett, Esquire, of Heckler & Frabizzio, do hereby certify that on the 7th day of June, 2005, a true and correct copy of the Answer to First Amended Complaint was forwarded to the below counsel via electronic filing:

Charles M. Oberly, III, Esquire
Karen V. Sullivan, Esquire
Oberly, Jennings & Rhodunda, P.A.
800 Delaware Avenue, Suite 901
Wilmington, DE 19801

_____
DANIEL P. BENNETT