IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SAMANTHA PETTINGILL, JULIE PETTINGILL, GENE PETTINGILL, JULIE PETTINGILL, as guardian *ad litem* for C. P. and T. P., minors, and SOCIETY FOR PET ADOPTION, RESCUE, AND EDUCATION, INC., a Delaware nonprofit corporation, | C.A. No. 05-224 SLR |
| Plaintiffs, | |
| v. | JURY TRIAL DEMANDED |
| JOHN CALDWELL, in his official and individual capacities, JOHN SAVILLE, in his official and individual capacities, DELAWARE SOCIETY FOR THE PREVENTION OF CRUELTY TO ANIMALS, a Delaware corporation | |
| Defendants. | |

## JOINT MOTION TO MODIFY CASE SCHEDULING ORDER

Plaintiffs and Defendants, by and through the undersigned counsel, move this Honorable Court for modification of the case scheduling order by extending all deadlines and establishing a new trial date. In support thereof, the parties state as follows:

1. By Order dated July 1, 2005, the Court set established the following schedule:

   July 15, 2005 – initial disclosures

   December 31, 2005[1] - reports from retained experts under Rule 26 (a)(2) on issues for which any party has the burden of proof

   February 15, 2006[2] - rebuttal expert reports

   March 31, 2006 – discovery deadline

   April 15, 2006 – summary judgment motions

---

[1] This date was extended to January 31, 2006 by Order dated December 12, 2005.
[2] This date was extended to March 15, 2006 by Order dated December 12, 2005.

August 21, 2006 – trial

2. The parties reluctantly request that the Court extend all deadlines in this case because the parties believe that it is not possible to complete discovery prior to the March 31, 2006 discovery deadline. The case raises claims based on Section 1983, Section 1985(3), malicious prosecution, intentional infliction of emotional distress, defamation and conversion. The claims are based on a search of the Pettingill Plaintiffs' home and seizure of animals and property by the Defendants on April 21, 2003 and subsequent arrest of Plaintiffs Samantha, Julie and Gene Pettingill. There is a very large and complicated factual record that is relevant to the claims and defenses. On April 21, 2003, the Defendants seized 157 animals from the Pettingill home. The Plaintiffs and Defendants had a working relationship for over a year prior to April 21, 2003. Additionally, the events that occurred over the next 20 months are also relevant to the claims and defenses. Some of the animals were returned in early May, 2003, some signed over to the SPCA in May, 2003 and thereafter, and some were returned to the Plaintiffs in December 2004 following the dismissal of the criminal charges against them. The parties are conducting discovery regarding approximately a four year period. Additionally, the parties are conducting discovery regarding each animal. In sum, there is a large factual record on which discovery is being conducted.

3. The parties have made good faith efforts to complete discovery. The parties exchanged initial disclosures on July 15, 2005. The parties have engaged in written discovery. The written discovery has resulted in the production of tens of thousands of pages of documents and numerous videotapes and photographs. Not only has this document production become time consuming for counsel, but each side found deficiencies in the other's response to written discovery. The parties have been working together to attempt to resolve the deficiencies.

Plaintiffs believe that they will have to file a motion to compel to resolve the few issues that the parties have not been able to resolve. These issues need to be resolved before certain of the depositions are taken. Defendants, likewise, will file a motion to compel if the issues they have raised regarding Plaintiffs' responses to written discovery cannot be consensually resolved. The parties have conducted 5 depositions. The parties anticipate taking at least 20 additional fact witness depositions. The parties also anticipate at least 5 expert witness depositions. Counsel initially anticipated that depositions could be completed in less time than they are taking. When the scheduling order was initially entered, counsel did not anticipate needing to depose witnesses on as many documents as has become necessary. For instance, Defendants' counsel initially anticipated that the deposition of Plaintiff Samantha Pettingill would take less than a day. Now, the realistic assessment of the parties is that her deposition will take two days.

4. Given the other obligations of counsel for Plaintiffs and for Defendants, it is not possible to complete discovery prior to the March 31, 2006 deadline. Because there are only two weeks between the current discovery deadline and the summary judgment motion deadline and cognizant of the Court's policy that the trial date will be lost if the dispositive motion deadline is extended, the parties respectfully request that the Court extend all deadlines and set a new trial date.

5. The parties also respectfully request that the referral of the case to The Honorable Mary Pat Thynge be withdrawn. Mediation with Magistrate Judge Thynge is currently scheduled for March 6, 2006 at 10:00 a.m. Given the present development of the case, the parties believe that mediation on that date would not be productive. The next available date that Magistrate Judge Thynge has available for mediation is September 21, 2006. The parties believe that the case could be productively mediated before that date and, subject to the Court's

approval, have agreed to mediate the case with former Superior Court Judge Vincent A. Bifferato, Sr.

6.	The parties respectfully request that the Court set aside the scheduling order at this time and schedule a status conference to occur in the next 30-45 days to establish a new schedule. The parties further respectfully suggest that any motion to compel that either party files could be heard at the same time as the status conference.

7.	In accordance with D. Del. LR 16.5, each of the undersigned counsel certifies that he has sent a copy of this motion to his respective clients.

**WHEREFORE**, the parties jointly respectfully request that the Court modify the case scheduling order and schedule a status conference.

| OBERLY, JENNINGS & RHODUNDA, P.A. | HECKLER & FRABIZZIO, P.A. |
|---|---|
| /s/ Charles M. Oberly, III | /s/ Daniel P. Bennett |
| Charles M. Oberly, III (No.743)<br>Karen V. Sullivan (No. 3872)<br>800 Delaware Avenue, Suite 901<br>P.O. Box 2054<br>Wilmington, DE 19899<br>(302) 576-2000 – Telephone<br>(302) 576-2004 – Facsimile<br><br>Attorneys for Plaintiffs | Daniel P. Bennett (No. 2842)<br>800 Delaware Avenue, Suite 200<br>Wilmington, DE 19801<br>(302) 573-4800 – Telephone<br>(302) 573-4806 – Facsimile<br><br>Attorneys for Defendants |

Dated: January 31, 2006