# OBERLY, JENNINGS & RHODUNDA, P.A.
1220 Market Street - Suite 710
P. O. Box 2054
Wilmington, Delaware 19899

Charles M. Oberly, III
Kathleen M. Jennings
William J. Rhodunda, Jr.
-----------
Karen V. Sullivan

(302) 576-2000
Fax (302) 576-2004
E.I.No. 51-0364261
Writer's e-mail ksullivan@ojlaw.com

June 20, 2006

VIA E-FILING
The Honorable Sue L. Robinson
U.S. District Court
844 King Street
Wilmington, DE 19801

    RE:    Pettingill, et al. v. Caldwell, et al.
              C.A. No. 05-224 SLR

Dear Chief Judge Robinson:

      I write to determine whether the Court desires a response from plaintiffs to Mr. Bennett's June 13, 2006 letter regarding the board meeting minutes. During the May 16, 2006 discovery conference, Your Honor allowed plaintiffs a week to respond to defendants' submission regarding the board meeting minutes. The Order entered after the discovery conference, however, did not contain a time for plaintiffs to respond. Your Honor today ordered defendant Delaware SPCA to submit the meeting minutes to the Court for an *in camera* review, which is what plaintiffs would have requested. I have concluded, perhaps erroneously, that the Court does not desire a response to the legal arguments made by defendants. If I am incorrect, or if, after conducting the *in camera* review, Your Honor determines that a response from plaintiffs to defendants' legal arguments would be helpful, I respectfully request that the Court so advise.

      With Your Honor's indulgence, I will briefly address a few factual issues raised by Mr. Bennett's letter that I believe are important to consider during Your Honor's *in camera* review. First, the defendants assert both the attorney client privilege and the work product doctrine for the February 15, 2005 meeting minutes which contain a "recommendation from Nancy Law, Esquire". Ms. Law is a board member that happens to be an attorney and has not been retained to represent the Delaware SPCA. As such, she was acting in her role as a board member and not an attorney. As a result, the meeting minutes reflecting her comments would not be protected by the attorney client privilege.

      Second, while it may only be a matter of semantics, Mr. Bennett does not state that the meeting minutes have not been disseminated to anyone other than the members of the board of directors. He states, "it is my understanding that the minutes are only disseminated to the Board of Directors." Of course, if the minutes were disseminated outside of the members of the board of directors, any privilege that might have protected the minutes would be waived.

      Finally, defendants raise a relevance objection to the June 17, 2003 minutes regarding "Color photographs of Pettingill animals for use in fundraising efforts." As Your Honor may recall from the discovery conference, when and by whom the photographs of the Pettingill animals were taken is in issue. Thus, minutes reflecting discussions of photographs of the Pettingill animals are relevant.

      I am available at the convenience of the Court to answer any questions.

                                  **Respectfully submitted,**

                                  **KAREN V. SULLIVAN (No. 3872)**

/KVS
cc:     Daniel P. Bennett, Esquire (via efiling)