IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

SAMANTHA PETTINGILL, et al., :
:
      Plaintiffs, :
:
v. : Civil Action No. 05-224-JJF
:
JOHN CALDWELL, DELAWARE :
SOCIETY FOR THE PREVENTION OF :
CRUELTY TO ANIMALS, and :
JOHN SAVILLE, :
:
      Defendants. :

### MEMORANDUM ORDER

On June 20, 2006, the Honorable Sue L. Robinson, ordered Defendant, the Delaware Society for the Prevention of Cruelty to Animals (the "Delaware SPCA"), to submit for in camera review, the minutes of its Board of Directors meetings from May 2003 through May 2005, to determine whether the minutes contained material protected by either the attorney-client privilege or work product doctrine. On August 8, 2006, the above-captioned case was reassigned to me.

The contents of a communication determine whether the attorney-client privilege applies. Pfizer, Inc. v. Ranbaxy Labs. Ltd., 2004 WL 2323135, *1-2 (D. Del. Oct. 7, 2004). Only communications made for the purpose of obtaining or giving legal advice are protected. Id. (citing Andritz Sprout-Bauer, Inc. v. Beazer East, Inc., 174 F.R.D. 609, 632 (M.D. Pa. 1997)). However, the privilege does not attach simply because the

communication was uttered by or to an attorney or an attorney's agent. Rather, the party invoking the attorney-client privilege must prove: (1) the asserted holder of the privilege is or sought to become a client; (2) the person to whom the communication was made (a) is a member of the bar of a court, or his subordinate and (b) in connection with the communication is acting as a lawyer; (3) the communication related to a fact of which the attorney was informed (a) by his client, (b) without the presence of strangers (c) for the purpose of securing primarily either (i) an opinion on law or (ii) legal services or (iii) assistance in some legal proceeding and not (d) for the purpose of committing a crime or tort; and (4) the privilege has been (a) claimed and (b) not waived by the client. Id.

Attorney work product includes documents prepared by counsel, or at counsel's direction, in preparation for trial or in anticipation of litigation. Id. Pursuant to Federal Rule of Civil Procedure 26(b)(3), attorney work product is not discoverable absent a showing of substantial need, undue hardship, or inability to obtain the substantial equivalent by other means. In addition, Rule 26(b)(3) protects against the disclosure of the mental impressions, conclusions, opinions, or legal theories of an attorney or other representative of a party concerning litigation or anticipated litigation.

I have reviewed the minutes submitted by the Delaware SPCA

and conclude that the Delaware SPCA has not established that the minutes are protected by the attorney-client privilege or the work product doctrine. The arguably legal information contained in the minutes pertains to such general factual matters as scheduling and the results of certain legal proceedings and does not include the mental impressions, conclusions, opinions or legal theories of attorneys representing the Delaware SPCA. The Delaware SPCA specifically directs the Court to the comments of Ms. Law, who is both an attorney and a member of the Board of the Delaware SPCA. However, the Delaware SPCA has not established that it is a client of Ms. Law, or that Ms. Law was functioning as or was consulted as an attorney for the provision of legal advice when she offered her "suggestion" to the Board. Further, Ms. Law's "suggestion" recorded in the minutes is of such a general nature, that I cannot conclude that her advice was legal, as opposed to general business advice.

In sum, I find that the disputed material does not fall within the protection of the attorney-client privilege or work product doctrine. In addition, I am persuaded that the challenged documents are reasonably calculated to lead to the discovery of admissible evidence, and therefore, they meet the minimum requirements for relevance under Federal Rule of Civil Procedure 26(b)(1). Accordingly, Defendant, the Delaware SPCA, shall produce to Plaintiffs, the minutes of its Board of

Directors meetings from May 2003 through May 2005 no later than **Friday, August 25, 2006.**

It is so ordered.

<u>August 21, 2006</u>　　　　　　　　　　 *Joseph J. Farnan Jr.*
　　　Date　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE